```
                    FILED
           CLERK, U.S. DISTRICT COURT

                 08/09/2023

          CENTRAL DISTRICT OF CALIFORNIA
          BY:        AP          DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DANIEL JACOB POPOCA,<br><br>　　　　Defendant. | ED CR No. 5:23-cr-00152-JGB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 10, 2022, in Los Angeles County, within the Central District of California, defendant DANIEL JACOB POPOCA knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use of which resulted in the death of R.W. on or about November 13, 2022.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

///

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office